**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **FRANK SIMS,** *et al.*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | EP-10-CV-109-KC |
| | § | |
| **HOUSING AUTHORITY OF THE** | § | |
| **CITY OF EL PASO,** | § | |
| | § | |
| **Defendant**. | § | |

**<u>ORDER</u>**

On this day, the Court considered the statute of limitations issue raised in Plaintiffs'

Motion for Expedited Notice ("Motion") (Doc. No. 12).  For the reasons set forth below,

Plaintiffs' Motion is **DENIED** in part; specifically, at this time the Court declines to toll the

running of the statute of limitations for potential opt-in plaintiffs.

**I.      BACKGROUND**

The facts of this case have been more fully set forth in this Court's Order, dated July 19,

2010, ("Certification Order") (Doc. No. 14), which granted conditional class certification and

endorsed a plan of furnishing notice to potential opt-in class members.  Recounted briefly, the

salient facts are these:

Defendant operates housing properties in the El Paso area and employed Plaintiffs as

maintenance workers under various job titles.  Certification Order 1.  Plaintiffs filed the instant

suit on March 23, 2010, alleging that they and other similarly situated co-workers were denied

certain overtime wages which they were owed.  *Id.*  They sought to make this an opt-in collective

action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and on June 23, 2010, they moved for conditional class certification and for notice to be sent to potential class members.  *See generally* Mot.  The Court granted conditional class certification, expedited discovery of the identities of potential class members, and permission to serve notice on these potential class members.  Certification Order 1, 9-10.  In addition, Plaintiffs moved for equitable tolling of the statute of limitations as to any potential plaintiffs who may opt in as a result of the notices.  Mot. 10-11.  Defendant did not oppose the conditional class certification or notice requests of the Plaintiffs, but it opposes the request for tolling.  *See* Def.'s Resp. in Opp'n to Pls.' Request for Equitable Tolling ("Resp.") (Doc. No. 18).  On July 19, 2010, the Court reserved the tolling issue for further consideration.  *See* Certification Order 2.  The Court now addresses this remaining issue and finds that tolling is not appropriate on the current record.

## II.    DISCUSSION

### A.    Standard

The "doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."  *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting  *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)).  "Equitable tolling of the statute of limitations is based on the principle that no one 'may take advantage of his own wrong.'"  *Coke v. Gen. Adjustment Bureau*, 640 F.2d 584, 596 (5th Cir. 1981) (quoting *Glus v. Brooklyn E. Dist. Terminal*, 359 U.S. 231, 232 (1959)).  While equitable tolling and equitable estoppel may both involve concealment by the employer, "[e]quitable tolling focuses on the employee's ignorance . . . ."  *Rhodes v. Guiberson Oil Tools Div.*, 927 F.2d 876, 878 (5th Cir. 1991).  Equitable tolling applies only in "rare and exceptional circumstances," *Teemac v.*

*Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (quoting *Davis*, 158 F.3d at 811), and it is available only when a plaintiff diligently pursues his or her rights.  *Caldwell v. Dretke*, 429 F.3d 521, 530 n.23 (5th Cir. 2005); *see also Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992) (Under equitable tolling, the statute of limitations is suspended "when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his  claim.").

"The party who invokes equitable tolling bears the burden of proof."  *Teemac*, 298 F.3d at 457 (citing *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 362 (5th Cir. 1995)). However, if the relevant underlying facts are undisputed, a district court may grant or deny equitable tolling as a matter of law.  *See Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 358 (5th Cir. 2006); *Niehoff v. Maynard*, 299 F.3d 41, 47 (1st Cir. 2002).

### B.    Analysis

Plaintiffs have preemptively sought equitable tolling for the benefit of an unknown group of potential class members who may, in the future, choose to opt into this action, and whose claims may be adversely affected by the normal running of the FLSA limitations period.  *See* Mot. 10-11.  Plaintiffs seek, at a minimum, to toll the statute of limitations for the period between the original filing of the suit, March 23, 2010, and the date on which this Court decided the issue of conditional class certification, July 19, 2010.  *See id.* at 11 ("[N]umerous other courts in the United States have determined that the pendency of a class action tolls the statute of limitations for the class members until a decision is made regarding certification.").  In FLSA actions, the statute of limitations ordinarily continues to run, with regard to potential opt-in plaintiffs, until they file their opt-in consent returns.  *See* 29 U.S.C. § 256.  Courts have observed that there was specific legislative intent that ordinary FLSA opt-in plaintiffs *not* have their filing

dates relate back to the date of the original complaint for statute of limitations purposes.  *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1006-07 (11th Cir. 1996) (discussing the text of the statute as well as legislative intent).  Accordingly, for Plaintiffs to succeed, they must show why their case should be exempt from the standard rule.

Plaintiffs cite a considerable number of cases that toll the statute of limitations for all putative class members in a Rule 23 class action, from the filing date of the original suit until the time a certification decision is made.[1]  *See* Mot. 11.  Plaintiffs go on to argue that *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1379-84 (11th Cir. 1998), stands for the proposition that the "opt-in nature of FLSA collective actions does not alter this result."  Mot. 11.  Plaintiffs, however, misread *Armstrong* considerably.  In *Armstrong*, the Eleventh Circuit specified a tolling period beginning with the filing date of the suit (and ending with the district court's decision to decertify the class) only because

> the sparse record on appeal . . . does not satisfactorily establish the exact date or dates on which the appellants opted into the *Carmichael* class action.[2]  Construing the facts in the light most favorable to the appellants . . . we assume *arguendo* that all appellants opted into the class on June 4, 1993 – the date when the *Carmichael* class action complaint was filed.

138 F.3d at 1379 n.6.

The *Armstrong* Court thus recognized that the critical date, for the purposes of tolling the statute of limitations in opt-in collective actions, is the date when the relevant plaintiff opted into the class; it is not automatically the filing date of the original suit.  *Id.*  Thus, the rule in

---

[1]  There is no dispute that, in Rule 23 class actions, all putative class members indeed have the advantage of the filing date used by the named plaintiff.  *See Crown, Cork & Seal Co., v. Parker*, 462 U.S. 345, 353-54 (1983).

[2]  The Eleventh Circuit here uses this term to denote an opt-in collective action.

-4-

*Armstrong* would allow this Court to toll the statute of limitations, for an opt-in plaintiff, from the date he or she filed an opt-in return to the time the Court might decertify the class. *See id.* at 1379-80.  It does nothing to alter the general rule that the limitations period continues to run, for a potential opt-in plaintiff, after the original filing date of the suit until such plaintiff files an opt-in return.  It does not provide a basis for the type of pre-opt-in relief that Plaintiffs seek here.

To invoke equitable tolling for the pre-opt-in period, in order to avoid the general rule, Plaintiffs must show that they diligently pursued their rights yet were "unable to discover essential information bearing on the existence" of their claim.[3]  *See Pacheco*, 966 F.2d at 906-07.  This requirement amounts to a burden of proof.  *See Teemac*, 298 F.3d at 457.  Here, Plaintiffs bring not a single iota of admissible evidence bearing on the question of whether equitable tolling is justified under present circumstances, under the traditional standards used when extending that remedy.

Plaintiffs also argue that

[t]his court's decision on notice may impact the lives of dozens of current and former employees who likely have no idea they may have been illegally denied overtime and/or minimum wages by Defendant.  Moreover, it is undisputed that the benefits of an [sic] FLSA depend entirely on employees receiving accurate and timely notice of their right to participate in a collective action (so that they can make informed decisions on whether to participate).

Mot. 11-12.

---

[3]     Equitable tolling during the pre-opt-in period may also be appropriate in cases where a defendant inexcusably fails to turn over contact information for potential plaintiffs to class counsel.  *See Baldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092-93 (D. Colo. 2005) (citing defendant's "refusal to provide contact information for former employees").  There is no allegation of any such misconduct in the instant case.  Accordingly, the rule in *Baldozier* provides no support for tolling here.

It is unclear what point Plaintiffs seek to make with this argument.  These may be sensible propositions on their own terms.  But these policy arguments do not, by themselves, overcome the oft-affirmed general rule, in FLSA collective actions, that the statute of limitations continues to run for potential opt-in plaintiffs until said plaintiffs actually opt in.  *See Escobedo v. Dynasty Insulation, Inc.*, 694 F. Supp. 2d 638, 651-54 (W.D. Tex. 2010).  Had Congress wished to have opt-in plaintiffs' lawsuits relate back to the filing date of the lead plaintiff, Congress would have spelled out such a rule instead of spelling out its opposite.  *See* 29 U.S.C. § 256.

III.    **CONCLUSION**

For the reasons discussed above, Plaintiffs' Motion is **DENIED** in part.  Specifically, on the current record, the Court declines to equitably toll the statute of limitations for any potential opt-in plaintiffs.

**SO ORDERED**.

**SIGNED** on this 13th day of August, 2010.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE